UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER ABREU LEDON,

      Petitioner,

v.                                        Case No. 2:26-cv-680-JES-NPM

WARDEN ALLIGATOR ALCATRAZ,
et al.,

      Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Javier Abreu Ledon's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 12).  For the below reasons, the Court grants the petition to the extent set forth in this Order.

### I.   Background

Petitioner Abreu Ledon is a native and citizen of Cuba who departed Cuba on February 29, 2000 via unauthorized departure. (Doc. 1 at 5).  He last entered the United States on May 29, 2005 as an arriving alien.  (Doc. 12 at 2).  On June 30, 2011, a jury found Abreu Ledon guilty of several federal marijuana offenses, including conspiracy and manufacturing and possession with intent to distribute 100 or more marijuana plants.  (Doc. 1 at 6).  After providing substantial assistance to the government, Abreu Ledon's sentence was reduced from 60 to 41 months' imprisonment.  (Id. at

6-7).  Abreu Ledon has fully served his federal sentence and has no other criminal record.  (Id. at 7).  Abreu Ledon was ordered removed from the United States on June 16, 2005.  (Doc. 12 at 2).  He was placed on an order of supervision on June 28, 2005.  (Id.)

On October 30, 2025, Abreu Ledon was detained by Immigration and Customs Enforcement (ICE) to pursue removal.  (Doc. 12 at 2).  On November 24, 2025, he was notified that ICE intends to remove him to Mexico.  (Id.)  At the time he filed his petition, he had been in ICE custody for 149 days.  (Id.)  As of April 28, 2026, Abreu Ledon has been confined for 180 days.

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal

is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." Id. at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.

Here, Respondents assert (and the Court agrees) that Abreu Ledon was issued a final order of removal on June 16, 2025. (Doc. 12 at 2). He has now been in immigration custody for 180 days, since October 30, 2025. Because the six-month period for presumptively reasonable detention has expired, Zadvydas's burden-shifting framework applies.

Respondents make no argument that Abreu Ledon's removal is likely in the reasonably foreseeable future. The sole argument in their response is that Abreu Ledon had not yet been detained

for 180 days when he filed his petition and that he "was served with notice of removal that ICE intends to remove him to Mexico." (Doc. 12 at 2).  They do not allege that Mexico—or any other country—has actually agreed to accept Abreu Ledon (or even responded to their inquiries), and they do not explain why no progress has been made on that front in the 180 days since Abreu Ledon was taken into detention.  Nor do they allege that U.S. officials have contacted any other country about accepting Abreu Ledon.  In short, they do not demonstrate that they have done anything specifically to effectuate Abreu Ledon's removal in the 180 days he has been detained in Alligator Alcatraz.  Under, Zadvydas, this is insufficient to show a realistic likelihood of Abreu Ledon's removal in the reasonably foreseeable future.[1]  See Douglas v. Baker, 812 F. Supp. 3d 525, 532 (D. Maryland Oct. 24, 2025) ("[T]he deference baked into the Zadvydas standard does not permit the government to detain a noncitizen and then sit on its

---

[1] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

hands. Such inaction, or lack of progress in effectuating removal, is precisely what Zadvydas forbids.")

### III. Conclusion

The Court finds no significant likelihood that Abreu Ledon will be removed in the reasonably foreseeable future. He is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision. If Abreu Ledon fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention. See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695 ("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Abreu Ledon to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

1. Javier Abreu Ledon's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2. Respondents shall release Abreu Ledon within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify

counsel and his family of when and where he can be collected.

    3.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

    **DONE AND ORDERED** in Fort Myers, Florida on April 28, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

6